IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1486-06






CALVIN JOSEPH SMITH, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


WALKER COUNTY





 Johnson, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 Tex. Code Crim. Proc. art. 37.07, § 3(a)(1) states that "[r]egardless of the plea and whether the
punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant
as to any matter the court deems relevant to sentencing, including but not limited to . . . any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally convicted of the crime or act." 
(Emphasis added.) Tex. Code Crim. Proc. art. 37.07, § 3(d) states that "[w]hen a judge assesses the
punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code
and after considering the report, and after the hearing of the evidence hereinabove provided for, he
shall forthwith announce his decision in open court as to the punishment to be assessed." (Emphasis added.) 
Tex. Code Crim. Proc. art. 42.12, § 9, speaks to circumstances of the charged offense, appropriate
restitution, criminal and social history of the defendant, and any other information about the defendant or
the charged offense that the judge requests. Nowhere does it say that the contents of the pre-sentence
report are exempt from the established rules of evidence and admissibility. 

 By its plain language, Article 37.07, § 3(d), limits the evidence that a trial court may consider to
"the evidence hereinabove provided for," that is, the evidence provided for in Article 37.07, § 3(a)(1)-"any
matter the court deems relevant to sentencing, including but not limited to . . . evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible . . .." Allowing the trial court to consider
the kind of evidence at issue here just because it is offered through a side door constitutes an end run
around our established rules on admissibility and should not be permitted. 

 I respectfully dissent.



Filed: June 27, 2007

Publish